**DOBBS v. ROSE, Collector of Internal Revenue.**

District Court, N. D. Georgia.   June 14, 1928.

No. 699.

1. Internal revenue ⊝⟊7(4)—Dividends distributed pursuant to resolution relative to 1916 profits held not tax-exempt, though books showed surplus accumulated prior to March, 1913 (Revenue Act 1916, § 31 (b), as added by Revenue Act 1917, § 1211; Comp. St. § 6336z (b).

Dividends distributed by corporation during year 1917, pursuant to resolution expressly dealing with net profits of 1916, *held* not exempt from taxation under proviso of Revenue Act 1916, § 31 (b), as added by Revenue Act 1917, § 1211, Comp. St. § 6336z (b), which exempts distribution of dividends prior to August 6, 1917, out of earnings accumulating prior to March 1, 1913, though books showed there were no profits during the year 1916, and that surplus had been accumulated prior to March 1, 1913.

2. Internal revenue ⊝⟊7(7)—Dividends must be considered as paid from current profits to extent profits existed at time of each payment, in determining tax (Revenue Act 1916, § 31 (b), as added by Revenue Act 1917, § 1211; Comp. St. § 6336z (b).

In determining tax to be assessed on stock dividends under Revenue Act 1916, § 31 (b), as added by Revenue Act 1917, § 1211, Comp. St. § 6336z (b), dividends paid during year 1917, pursuant to resolution relative to net profits for year 1916, must be considered as paid from profits of year 1917 to the extent that profits existed for that year out of which dividends might properly be paid at the time of each payment.

3. Internal revenue ⊝⟊7(7)—Corporation's profits for year in determining tax on current dividends were determinable by reservation of amount paid for federal taxes, notwithstanding subsequent refund (Revenue Act 1916, § 31 (b), as added by Revenue Act 1917, § 1211, and Revenue Act 1917, § 210; Comp. St. §§ 6336z (b), 6336⅜k).

In determining liability of stockholder for tax on stock dividends, under Revenue Act 1916, § 31 (b), as added by Revenue Act 1917, § 1211, Comp. St. § 6336z (b), profits of corporation for year 1917, during which dividends were paid, were determinable by reserving amount paid by corporation for federal taxes for the year 1917, though refund on such taxes was subsequently granted under Revenue Law 1917, § 210 (Comp. St. § 6336⅜k).

At Law. Action by Samuel C. Dobbs against J. T. Rose, Collector of Internal Revenue. Judgment for plaintiff.

Harold Hirsch, of Atlanta, Ga., for plaintiff.

C. P. Goree, Asst. U. S. Atty., of Atlanta, Ga., for defendant.

SIBLEY, District Judge. This case was submitted to the judge without a jury, upon stipulation of facts, together with testimony which is uncontradicted. I find the material facts in response to special requests to be as follows:

The petitioner is a citizen of Georgia, resident in this district, and the defendant a citizen of Georgia, resident in this district, having been, since December 5, 1921, collector of internal revenue for the district of Georgia. The Coca-Cola Company was at said date, and is, a corporation under the laws of Georgia, in a business of manufacturing. At a meeting of its board of directors on January 18, 1917, this resolution was passed:

"That from the net profits of the corporation made during the year 1916 there be declared to the stockholders of record of this date the sum of $3,000 per share. Said dividends so declared to be paid in six installments in equal amounts on the 18th day of January, March, May, July, September, and November of the year 1917.

"Be it resolved, further, that the balance of said net annual profits for the year 1916 be passed to the account of undivided profits."

On the close of the books of the company, as of December 31, 1916, it appeared that there were in fact no profits made during the year 1916 which had not already been paid out, but that there was a surplus of $816,034.23 which had been accumulated prior to March, 1913. Nevertheless, pursuant to the resolution, dividends were paid by the company and the petitioner received during the year 1917, $11,500 on each 18th day of January, March, May, July, September, and November, in all $69,000. In March, 1918, he filed his income tax return for the year 1917 and paid the assessed taxes thereon. In March, 1923, an additional assessment against him of $5,860.22 was made, and paid by the petitioner under protest. He afterwards sought a refund thereof, which was denied, and thereupon he brought the present suit for the recovery of the sum paid as having been unlawfully exacted. The ground of the additional assessment was that the dividends received in 1917 were to be deemed paid from the current earnings of the company rather than from the old surplus, and that the current earnings had been increased beyond the amount supposed at the time the tax was first assessed by the repayment to the company of a part of the income tax paid by it for 1917, to the amount of $316,453.36. This refund grew out of a claim made by the company to have its taxes for 1917 reassessed under section 210 of the Revenue Law of 1917 (Comp. St. § 6336⅛k), a refund being granted as authorized, in the summer of 1922, and then distributed to the company's stockholders.

The books of the Coca-Cola Company were kept partly on an accrual and partly on an actual payment basis; that is to say, expenses were, in the main, entered when paid, and salaries, taxes, and the like, entered as accrued. The books show a net income for 1917 of $2,681,870.84, not taking into account any allowance for federal taxes. The amount of taxes actually paid for 1917, in the early part of the year 1918, was $1,483,413.70, leaving a net profit subject to distribution of $1,198,457.14. Prorating this, there was a daily earning of $3,283.44. On January 18, 1917, when the first payment of $250,000 was made to stockholders, there was available, from the year 1917 earnings, 18 days' earnings, or $59,101.92. The Coca-Cola Company paid out on March 19, 1917, $250,000, of which amount there was available 60 days' earnings, or $197,006.40. On May 19, 1917, the Coca-Cola Company paid out $250,000, and there was available 61 days' earnings, or $200,289.84. On July 18,

1917, the Coca-Cola Company paid out in dividends $250,000, and there was available 60 days' earnings, or $197,006.40. On September 18, 1917, the Coca-Cola Company paid out $250,000, and there was available 62 days' earnings, or $203,573.28. On November 19, 1917, the Coca-Cola Company paid out $250,000, and there was available 62 days' earnings, or $203,573.28, making the total dividends paid out, $1,500,000, and of that amount there was available for dividend purposes from 1917 earnings the sum of $1,060,551.12, leaving a balance of $439,448.88 that was not available from 1917 earnings.

If the payments of dividends are to be considered as exhausting the surplus accumulated prior to March 1, 1913, before being taken from the current earnings of 1917, a calculation will show that the dividends received by the petitioner, Dobbs, he having 23 of the 500 shares of stock, from the old surplus, were $37,536, and from the current earnings $31,464. If, on the contrary, the dividends are to be considered as drawn from current earnings, so far as existent at the time the dividends were paid, and only the excess drawn from the old surplus, then Dobbs received from the old surplus $20,240 and from the current earnings $48,760. On the former basis his total taxes should have been $4,583.39. On the latter basis his taxes should have been $7,026.43. If, however, the refund made in 1922 to the company should be considered as available for the payment of dividends in 1917, the figures would be so altered as that the proper tax due by Dobbs would be $9,572.17, the amount really exacted from him, and which he has paid.

## Conclusions of Law.

[1] Two questions of law control the case, both arising under section 31 of the Revenue Act of 1916, as modified in section 1211 of the Revenue Act of 1917 (Comp. St. § 6336z). Subsection (b) requires that dividends be deemed to have been paid from the most recently accumulated profits or surplus of a corporation in determining what rate of taxation shall be applied, but a proviso declares that the requirement shall not apply to any distribution made prior to August 6, 1917, out of earnings or profits accruing prior to March 1, 1913. It is contended that this case is within the proviso. The resolution, however, makes no mention of profits accruing prior to March 1, 1913, but undertakes to distribute only profits made during 1916. The directors had no thought of making a distribution that would be tax-free, and had no

reason to suppose the profits of 1917 would be taxed differently from those of 1916. The resolution expressly dealt, not with profits prior to March, 1913, but with those of 1916. The proviso, therefore, whether applied to a resolution authorizing dividends or to the actual payment of them, seems to me to be inapplicable here.

[2, 3] The remaining question is as to how much of the dividends paid should be deemed to have been received from profits of 1917, and taxable under the rates of that year, and how much must be considered as paid from the old nontaxable surplus. To the extent that profits of 1917 existed out of which dividends might properly be paid at the time each dividend was paid, the dividend must be considered as paid from such profits. Such is the requirement of the law. The issue is whether the profits estimated, as they must be, at the time of each dividend payment, should be arrived at by reserving for the payment of federal taxes the amount that was paid in 1918, or only the amount that it was determined in 1922 should have been paid.

As a practical matter, I hold that the amounts demanded by the government, in 1918 and paid by the taxpayer, on literal application of the tax act, were properly to be reserved by the company for the payment of taxes, and that the refund, arrived at under section 210, was more in the nature of a windfall that thereafter happened, and which could not have been anticipated in 1917. It is rather to be analogized to a damage suit or some other uncertain asset in litigation. The practical collection of the taxes of the stockholders of corporations requires that their tax liability be arrived at promptly, and the stockholders of corporations ought not to be kept in uncertainty and doubt while their corporations are settling contested items that may affect their profits and losses for the year involved. The petitioner should have treated his dividends as arising from the source indicated by the taxes of the company at the time his returns were made. His good fortune in receiving a dividend from the refund at a later date should be reflected in his income tax return for this last date.

Applying these conclusions of law to the facts found, there has been exacted an overpayment from the petitioner, measured by the difference between the sum paid, $9,572.17, and that really due, $7,026.43, to wit, $2,545.74. Whereupon it is considered and adjudged that the plaintiff, Samuel C. Dobbs, recover of the defendant, J. T. Rose, collector, the sum of $2,545.74, with interest at 6 per cent. from April 11, 1923, and $———— costs of this proceeding.